```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
             COUNSEL/PARTIES OF RECORD

        AUG 2 7 2014

     CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| REBECCA M. YOUNG-MAN,    ) | 3:14-cv-00287-RCJ-VPC |
| Petitioner,    ) | |
| v.    ) | **REPORT AND RECOMMENDATION** |
|     ) | **OF U.S. MAGISTRATE JUDGE** |
| FALLON PAIUTE-SHOSHONE    ) | |
| TRIBE,    ) | |
|     ) | |
|     ) | |
| Respondent.    ) | August 26, 2014 |
| _____ ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff application to proceed *in forma pauperis* (#1) and *pro se* complaint (#1-1).[1] The court has thoroughly reviewed the record and recommends that plaintiff's application to proceed *in forma pauperis* be granted, but that plaintiff's complaint be dismissed for lack of jurisdiction.

## I.    Plaintiff's Application to Proceed *In Forma Pauperis*

Based on the financial information provided in plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* (#1) be granted.

## II.    Screening Pursuant to 28 U.S.C. § 1915

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an [*in forma pauperis*] action that is frivolous or malicious."

---

[1] Refers to the court's docket number.

*Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)).  This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative

level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    Discussion

Plaintiff has submitted a purported civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant Fallon Paiute-Shoshone Tribe (#1-1). A little more than thirty days later, she also filed what she styled as a petition for writ of habeas corpus in this same case (#4), as well as a motion for petition for a stay of tribal court orders (#3). Plaintiff sets forth few factual allegations, but from what the court can discern, she wants to challenge her (unidentified) tribal court criminal conviction and sentence. However, this court lacks jurisdiction to consider this matter, framed here as a civil rights action. The Indian Civil Rights Act provides plaintiff's exclusive remedy in federal court. Specifically, 25 U.S.C. § 1303 provides the means to "test the legality of . . . detention by order of an Indian tribe." *See also Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 60 (1978) ("Congress clearly has power to authorize civil actions against tribal officers, and has done so with respect to habeas corpus relief in § 1303, a proper respect both for tribal sovereignty itself and for the plenary authority of Congress in this area cautions that we tread lightly in the absence of clear indications of legislative intent."). Accordingly, this action, in its current form, must be dismissed for lack of jurisdiction. Plaintiff may wish to consider whether she meets the requirements of 25 U.S.C. § 1303. Any new action she may file should be in a new case with a new case number and must be accompanied by a completed application to proceed *in forma pauperis*.

**IV.    Conclusion**

IT IS THEREFORE RECOMMENDED that plaintiff's application to proceed *in forma pauperis* (#1) be GRANTED.

IT IS FURTHER RECOMMENDED that the Clerk FILE plaintiff's complaint (#s1-1).

IT IS FURTHER RECOMMENDED that plaintiff's action be DISMISSED.

IT IS FURTHER RECOMMENDED that plaintiff's petition for a stay of tribal court orders (#3) be DENIED as moot.

IT IS FURTHER RECOMMENDED that the Clerk ENTER JUDGMENT accordingly and close this case.

The parties should be aware of the following:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

DATED: _August 27, 2014_.

_____
UNITED STATES MAGISTRATE JUDGE